IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DANIEL G. GRIFFIN, BI#47491,<br>    Plaintiff | *<br>*<br>* |
| v. | Civil Action No. RWT-07-134 |
| ALLEGANY COUNTY STATE POLICE, et al.,<br>    Defendants | *<br>*<br>****** |

**MEMORANDUM OPINION**

In this 42 U.S.C. § 1983 action, Plaintiff alleges that his constitutional rights were violated by Defendants, who conducted an illegal stop and search of his vehicle on December 7, 2006. Plaintiff states that as a result of the Defendants' illegal activity he has been charged with narcotics violations and is incarcerated awaiting trial. Paper No. 1. Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (Paper No. 2) which shall be granted. For the reasons set forth below, the Court concludes that dismissal of the action without prejudice is appropriate at this time.

Plaintiff's claims against the named Defendants for the allegedly unlawful search of his vehicle must be dismissed because Plaintiff has not yet been tried for the charges filed against him. In effect, Plaintiff raises challenges to his arrest. The claims go to his pending charges in t he Circuit Court for Allegany County for which he is currently is confined. Because the charges have been dismissed or invalidated, Plaintiff's claims are not yet cognizable under 42 U.S.C. § 1983. See Heck v. Humphrey, 512 U.S. 477, 486-87 and nn. 6-8 (1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). In other words, a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has in fact been reversed, expunged, invalidated, or otherwise called

into question.  Id.  Plaintiff has not yet been tried on the charges flowing from the alleged illegal activity. In this case, it is clear that a judgment in his favor would bring into question the validity of his pending charges.   Accordingly this civil action is premature and shall be dismissed without prejudice.  A separate Order follows.

Date: 1/29/07                                               /s/
                                                     ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE